IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HUBERT BROWN, JR. and
JANET L. BROWN,

        Plaintiffs,

v.                                                                             Civil Action No. 3:12cv40

JP MORGAN CHASE BANK, N.A., a foreign
Corporation, IBM LENDER BUSINESS
SERVICES, INC., a foreign corporation, and
SETERUS, INC., a foreign corporation,

        Defendants.

**ORDER CONFIRMING PRONOUNCED ORDER OF THE COURT
GRANTING DEFENDANT SETERUS' SECOND MOTION TO COMPEL**

***I. INTRODUCTION***

On February 4, 2013, Defendant Seterus ("Defendant") filed its second motion to compel discovery responses from Plaintiff. Prior to the filing of the instant motion, the Court held a hearing on Defendant's first motion to compel the same discovery responses now at issue, and on the eve before that hearing Plaintiffs supplemented their responses. Accordingly, the Court denied the motion as moot and advised Defendant that if it was not happy with the responses, then another motion to compel could be filed. Defendant was not satisfied with the supplemented responses and filed its second motion to compel. The Court held an evidentiary hearing and heard argument on the motion on February 20, 2013. Plaintiffs appeared by Brian J. McAuliffe, Esquire. Defendant JP Morgan Chase appeared by Stephen G. Higgins, Esquire. Defendant Seterus appeared by Wesley M. Jarrell, II, Esquire. No evidence or testimony was presented. At the conclusion of the hearing, the

1

Court granted Defendant's motion and gave Plaintiffs until March 20, 2013, to fully respond to the interrogatories at issue.

## *II. DISCUSSION*

There are three interrogatories at issue, Interrogatories 1-3, in this motion to compel, all of which request the same task from Plaintiffs relating to each cause of action in Plaintiffs' complaint.[1] Those interrogatories ask Plaintiff to: (1) identify each document, whether or not already disclosed, that supports the claim; and (2) explain why that document supports the claim. Plaintiffs have not objected to these discovery requests. The purpose of these interrogatories, as Defendant contends, is to narrow the scope of the amorphous claims that have been filed. The Court finds that this is a permissible tool of discovery, and, after review of Plaintiffs' responses to the three interrogatories, finds that Plaintiffs have not fully responded to what is requested in the interrogatories.

It is well established that, because a complaint is merely a notice mechanism providing only scant factual details, an important purpose of discovery is to help narrow and clarify the issues to be tried. *See e.g. Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). It is equally well established that a party must fully and separately respond to each interrogatory. *See* FED. R. CIV. P. 33(b)(3); *Miller v. Pruneda*, 236 F.R.D. 277, 284 (N.D.W.V. 2004). There are several reasons why Plaintiffs' responses are deficient. First, in their supplemental response to Interrogatory 1, rather than referencing a specific document (i.e. a Bates number) and explaining why that document supports their position, Plaintiff gives a list of documents followed by a narrative of its claims without

---

[1] There are two state causes of action, one for engaging in unlawful acts or practices under W. Va. Code § 46A-6-104, and one for fraudulent, deceptive, or misleading representations to collect a debt under W. Va. Code § 46-A-2-127. Moreover, there is a federal cause of action for failing to adhere to notice requirements under the Equal Credit Opportunity Act.

2

referencing any specific documents. In fact, the only reference to documents in the answer is that the "documents referenced in the attached table evidence a course of conduct by Chase. [sic] which mislead the Plaintiffs as to what was required to complete the modification process." Although the narrative might be useful if Defendant's interrogatory asked Plaintiffs to explain their claims generally, here it does not answer the propounded interrogatory.

Second, the response to Interrogatory 2 fares no better, and, in fact, provides even less guidance. The answer tells Defendant to see the documents referenced in the response to Interrogatory 1, and incorporates that response into the response to Interrogatory 2. This clearly runs afoul of the Federal Rules which requires that each interrogatory be "answered separately and fully." Further, the one sentence statement following the incorporation of response one does nothing more than recite why Plaintiffs believe Defendant has violated that section of the West Virginia Code. Without belaboring the point, Plaintiffs' response to Interrogatory 3 also does not answer the question posed. Accordingly, the Court **GRANTS** Defendant's motion to compel.

## *III. CONCLUSION*

Because Plaintiffs have not fully and separately responded to the three interrogatories at issue, the Court **GRANTS** Defendant Seterus' Second Motion to Compel (Doc. 26), and **ORDERS** Plaintiffs to fully respond to the three interrogatories by March 20, 2013. In the response, Plaintiffs are to name a document so that Defendant can identify it, whether it be by Bates Number, title, or some other means, and explain why that particular document supports their position. This is what the interrogatories request, and what Plaintiffs are required to provide. Further, the Court **ORDERS** Defendant to file with the Court an affidavit of reasonable expenses associated with the prosecution of this motion by March 11, 2013. The Court will give the Plaintiffs an opportunity to be heard on

Thursday, March 21, 2013, at 1:30 p.m. as to why reasonable expenses should not be awarded.

Filing of objections does not stay this Order.

Any party may, within fourteen [14] days of the filing of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear pro se and any counsel of record, as applicable.

IT IS SO ORDERED

DATED: February 26, 2013                    /s/ *James E. Seibert*
                                                                            JAMES E. SEIBERT
                                                                            UNITED STATES MAGISTRATE JUDGE